1  RICHARD C. EYMANN
   Eymann Allison Hunter Jones P.S.
2  2208 West Second Avenue
   Spokane, WA 99201-5417
3  (509) 747-0101
   (509) 458-5977 (facsimile)
4
   Attorneys for Plaintiffs
5

# UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KATHLEEN H. PAUKERT as Guardian ad Litem for MINOR CHILD A; and JOHN and JANE DOE, husband and wife and parents of MINOR CHILD A,<br><br>                              Plaintiffs,<br><br>    v.<br><br>CENTRAL VALLEY SCHOOL DISTRICT NO. 356, a political subdivision; DAVE BOUGE, individually and in his capacity as an administrator of Bowdish Middle School and/or Central Valley School District; LISE LOUER, individually and in her capacity as an administrator of Bowdish Middle School and/or Central Valley School District; ROBERT JOHNSON, individually and in his capacity as an administrator of Bowdish Middle School and/or Central Valley School District; and BEN SMALL, individually and in his capacity as an administrator of Bowdish Middle School and/or Central Valley School District,<br><br>                              Defendants. | No. CV-13-094-LRS<br><br>**COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

COME NOW plaintiffs, by and through their undersigned attorneys, and for the following causes of action against the defendants, and each of them, allege as follows:

## I. JURISDICTION

1. This Court has jurisdiction over the subject matter arising under the United States Constitution and pursuant to 28 U.S.C. §1331 and §1367. This Court further has supplemental jurisdiction over plaintiffs' claims arising under state law which derive under a common nucleus of operative fact such that plaintiffs would be expected to try all claims in a single judicial proceeding.

## II. PARTIES

2. Local Rule 17.1 provides as follows:

> At the time of the commencement of any action involving a beneficial interest or claim of a minor or incompetent, the plaintiff shall petition the Court and obtain appointment by the Court of an independent guardian ad litem to represent the interest of the ward. The guardian ad litem shall be an attorney admitted to practice before this Court. The guardian ad litem shall be independently appointed by the Court. At the time of the commencement of the action, counsel for the plaintiff shall submit to the Court a list of not less than three attorneys and their qualifications, who are willing to serve as guardian ad litem. **Upon a showing of good cause, the Court may dispense with the appointment of a guardian ad litem.**

(Emphasis added)

Spokane attorney Kathleen H. Paukert has been requested by plaintiffs' counsel to act as the Guardian ad Litem of Minor Child A for purposes of this litigation. Prior to service of the Claim for Damages upon the named defendants, which is a prerequisite for commencing this type of litigation, Ms. Paukert met with and discussed the allegations of the plaintiffs and in particular, the claims of Minor Child A as pled herein. She has agreed to proceed as the Guardian ad Litem pursuant to LR 17.1 if the Court approves her appointment. See Petition and [proposed] Order for Appointment of Guardian Ad Litem for Minor Child A filed concurrently herewith.

3. At all times material hereto, Minor Child A was a student at Bowdish Middle School, which is part of the Central Valley School District. Plaintiff brings this action under an alternative identity to comply with state law and to protect her from the potentially harmful effects of publicity in this case. Minor Child A's true identity is well known to the defendants. At all relevant times hereto, Minor Child A resided within the venue of the Eastern District of Washington.

4. Plaintiff John Doe is the natural father of plaintiff Minor Child A. At all relevant times hereto, plaintiff John Doe resided within the venue of the Eastern District of Washington.

5.     Plaintiff Jane Doe is the natural mother of plaintiff Minor Child A. At all relevant times hereto, plaintiff Jane Doe resided within the venue of the Eastern District of Washington.

6.     Defendant Central Valley School District No. 356 ("CVSD") is a public school district (political subdivision) organized and existing within the state of Washington and subject to the provisions of Title 28A of the Revised Code of Washington. Defendant CVSD is a "person" within the meaning of 42 U.S.C. §1983. Defendant CVSD, at all times material hereto, was also a recipient of federal funding and therefore subject to the provisions and requirements of Title IX, 20 U.S.C. §1681, *et seq*. Bowdish Middle School is and was a public school (grades 6 – 8) owned and operated by defendant CVSD. As such, defendant CVSD is responsible for all wrongful conduct, acts, errors and omissions of its board members, superintendents, administrators, principals and teachers, including Anthony Cucinotti and other employees/agents complained of herein, with respect to, or as a result of, the enrollment and attendance of plaintiff Minor Child A.

7.     Upon information and belief, defendants Dave Bouge, Lise Louer, Robert Johnson and Ben Small, at all material times hereto, are and were residents of the state of Washington, living within the venue of the Eastern

District of Washington, and were employee administrators of Bowdish Middle School and/or defendant CVSD, acting at various times in their official and individual capacities. Said defendants were policymakers of defendant CVSD and each had authority to institute corrective measures, including termination on behalf of defendant CVSD, with regard to the egregious acts of teacher Anthony Cucinotti as complained of herein, which they knew of dating back to the mid-1990's.

### III.  VENUE AND ADMINISTRATIVE PREFILING CONDITIONS

8.  Venue is properly in this Court pursuant to 28 U.S.C. §1391(b). Administrative pre-filing conditions pursuant to RCW 4.96, *et seq.*, have been met. The tortious and other claims as set forth herein were properly served on defendants in a Claim for Damages on December 18, 2012, more than 60 days prior to the filing of this Complaint. No acceptable relief has been offered.

### IV.  OPERATIVE FACTS

9.  Defendant CVSD, at all material times hereto, received federal assistance and state funding. Its acts, as herein alleged, and those of the other named defendants and certain additional unidentified administrators, supervisors, employees and/or agents, were under color of statute, regulation, custom or usage of state law.

10. While Minor Child A was an 11-year old student at Bowdish Middle School, Anthony Cucinotti, having been a "teacher" since original employment with defendant CVSD in 1994 and having achieved additional status within the school, committed acts of sexual molestation and/or abuse and/or assault against Minor Child A. This conduct was preceded by many years of numerous incidents of sexually inappropriate behavior and/or illegal conduct with female students by defendant Cucinotti of which said defendants had actual and/or constructive notice, and to which these defendants responded with "warnings," but which were actually deliberate indifference. Upon information and belief, Minor Child A was one such student in a series of student victims. Anthony Cucinotti, while having *direct authority* and/or *supervision* over Minor Child A as his student, engaged in inappropriate and illegal sexual molestation and/or abuse and/or assault. These acts were accomplished through various mental and physical influences including, without limitation, intimidation and threats against Minor Child A and against her immediate family.

11. Upon information and belief, Anthony Cucinotti has since fled the state of Washington to another state or country, is no longer an employee of defendant CVSD, but upon further information and belief, may be eligible to receive a pension from said defendant.

12. The aforementioned acts and conduct of Anthony Cucinotti constituted *quid pro quo* and/or hostile environment sexual harassment and discrimination, in that they were tied to threatened punishment for failure to comply with his demands and to protect the secrecy of his harassment and other illegal behavior, and/or were so pervasive as to significantly impede, alter or restrict Minor Child A's educational experience.

13. The aforesaid acts commenced at a time when Minor Child A, as a young female student, was vulnerable to much older authority figures such as Anthony Cucinotti.

14. All acts of sexual molestation and/or abuse by Anthony Cucinotti involving Minor Child A occurred in the Bowdish Middle School building and in Anthony Cucinotti's classroom itself. All acts as alleged herein fall within the scope of RCW 28A.58.125 and RCW 28A.600.200, which require defendant CVSD, through its officials and administrators, to ". . . exercise the authority to control, supervise, and regulate the conduct of . . . cultural, social, or recreational nature for students of the district." Defendants failed to comply with RCW 28A.58.125, RCW 28A.600.200 and other statutory requirements as hereinafter alleged, and failed to protect Minor Child A from an employee whom they already knew, or should have known by his prior conduct, to be likely to

commit the sexually based acts, or similar acts, that he committed upon Minor Child A. Anthony Cucinotti's sexually inappropriate actions and behavior were increased and/or made possible by his position as a teacher and were known and reported to staff and administrators, including defendants, by other teachers and students within the school district.

15.  Upon information and belief, previous incidents of sexually inappropriate behavior by Anthony Cucinotti were known to these defendants many months and/or prior to the most serious sexual abuse occurring to Minor Child A which include, but are not limited to, the following:

- That Anthony Cucinotti had read to middle school students from inappropriate reading materials, not authorized by defendant CVSD, referencing sexual content, sex organs, sex changes, pregnancy and the use of alcohol.

- That Anthony Cucinotti had displayed a girl troll doll in his classroom with its pants pulled down, combined with highly inappropriate comments.

- That Anthony Cucinotti had asked girl students coming into his classroom if they had been naughty and needed to be spanked.

- That Anthony Cucinotti had snapped a girl's bra or camisole strap and then proceeded to rub his hand over that area on the girl's body.

- That Anthony Cucinotti had been observed on several occasions by female students looking down the blouses or shirts of other female students.

- That Anthony Cucinotti had verbally abused and/or intimidated a female student by making a statement about his anger over a situation, stating words to the effect "I could kill a student who did that" and "I hate students who do his stuff."

- That students and staff members had reported Anthony Cucinotti to defendant administrators for hugging and/or touching female students in a sexually inappropriate manner.

16. Defendant CVSD and certain of its administrators, employees and/or agents including, without limitation, defendants Dave Bouge, Lise Louer, Robert Johnson and Ben Small, over a period spanning more than a decade failed to properly investigate or take proper and/or necessary corrective measures with regard to Anthony Cucinotti's contact with Minor Child A and/or other female students; failed affirmatively to adopt or follow a policy for handling allegations and occurrences of sexual discrimination, sexual harassment, sexual abuse and/or improper sexual behavior between teachers and students; failed to effectively and promptly investigate complaints of Anthony Cucinotti's improper behavior toward female students, including Minor Child A; and failed to

promptly report, as required by Washington law, possible and/or suspected child abuse to the Offices of the Superintendent of Public Instruction and/or law enforcement. While Anthony Cucinotti was successfully grooming Minor Child A, and following numerous reports and other indicators of inappropriate sexual behavior or conduct with female students, the defendants continued to allow Anthony Cucinotti extraordinary access to female students, including Minor Child A, without proper supervision, and behind the closed doors of his classroom.

17.  At all times material hereto, Anthony Cucinotti was a duly certified teacher employed by defendant CVSD and/or was a quasi-official administrator and was acting in either capacity within the scope and course of his employment with said school district. The conduct of Anthony Cucinotti, as complained of herein, were the acts of defendant CVSD under generally recognized principals of *respondeat superior* and/or agency law.

18.  At all times material hereto, there existed a special relationship between defendant CVSD and Minor Child A whereby defendant CVSD, and certain of its administrators, employees and/or agents, owed affirmative duties to protect Minor Child A from the kind of harm that she in fact suffered.

19.  The conduct of defendant CVSD, by and through its administrators, officials, employees and/or agents who knew, or should have known, of the overt, obvious and/or highly suspicious nature of the conduct being committed by Anthony Cucinotti involving preadolescent and adolescent female students, was a proximate cause of serious and permanent injuries to Minor Child A including, without limitation, personal physical injuries, severe emotional distress, loss of enjoyment of life, diminished educational opportunities, and other special and general damages, many of which are expected to continue for an indeterminate period of time.

## V.  FIRST CAUSE OF ACTION:
## DISCRIMINATION ON THE BASIS OF GENDER
## IN VIOLATION OF 20 U.S.C. §1681 (TITLE IX)

20.  Plaintiffs reallege each and every allegation as set forth in paragraphs 1 through 19 herein.

21.  The acts, and failures to act, perpetrated against Minor Child A amounted to unlawful sexual harassment and discrimination on the basis of gender.  One or more administrators or officials of defendant CVSD, with authority to take corrective action on Minor Child A's behalf, had actual notice of said discrimination and failed to adequately respond.  Those failures amounted to deliberate indifference toward the unlawful conduct that was occurring or

likely to occur. Additionally, and/or in the alternative, defendant CVSD failed to enact and/or disseminate and/or implement proper or adequate policies to discover, prohibit or remedy the kind of discrimination that Minor Child A suffered. This failure included, without limitation, non-existent or inadequate customs, policies or procedures for the recognition, reporting, investigation and correction of unlawful discrimination. Defendant CVSD is liable to Minor Child A for violations of 20 U.S.C. §1681, *et seq.* (Title IX).

## VI. SECOND CAUSE OF ACTION: VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. §1983

22. Plaintiffs reallege each and every allegation as set forth in paragraphs 1 through 21 herein.

23. Minor Child A, as a female middle school student, was a member of a protected class under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Minor Child A also enjoyed the constitutionally protected Due Process right to be free from the invasion of bodily integrity through sexual molestation, abuse or assault. The various acts as alleged herein amounted to a violation of these clearly established constitutionally protected rights, of which reasonable persons in the defendants' position should have known. Defendants Dave Bouge, Lise Louer, Robert Johnson and Ben Small had a duty to prevent teacher-to-student sexual

molestation, abuse and assault, said duty arising under the above-referenced constitutional rights and also under clearly established rights against discrimination pursuant to Title IX. By failing to prevent Anthony Cucinotti's aforementioned molestations, abuse and assaults upon Minor Child A, and/or by responding to known reports of Anthony Cucinotti's sexually inappropriate behavior with female students, including Minor Child A, in a manner that was so clearly unreasonable as to amount to deliberate indifference, defendants Dave Bouge, Lise Louer, Robert Johnson and Ben Small are liable to Minor Child A, pursuant to federal law 42 U.S.C. §1983.

24. Defendant CVSD is also liable to Minor Child A under 42 U.S.C. §1983 for the following:

- Maintaining customs, policies and/or procedures of inadequate and/or non-existent monitoring and/or investigation of Anthony Cucinotti, so as to amount to deliberate indifference as to known or obvious consequences of Anthony Cucinotti's behavior, up to and including violations of the aforementioned equal protection and due process rights, and unlawful discrimination under Title IX;

- Failing to adequately train administrators, employees and others in a position to discover, report, investigate or prevent the acts complained of

herein, which amounted to the above referenced violations of constitutional rights and/or federal law; and

- Violating the affirmative duty to protect Minor Child A from harm pursuant to the special relationship that existed between Minor Child A and defendant CVSD. The acts, or failures to act, of defendants Dave Bouge, Lise Louer, Robert Johnson and Ben Small were taken pursuant to a custom or policy of defendant CVSD.

## VII. THIRD CAUSE OF ACTION: NEGLIGENCE

25. Plaintiffs re-allege each and every allegation as set forth in paragraphs 1 through 24 herein.

26. At the time of the commencement of the aforesaid acts by Anthony Cucinotti, and on numerous occasions thereafter, Minor Child A was required by law to "submit to the authority" of Anthony Cucinotti, an agent of defendant CVSD pursuant to RCW 28A.58.200 and RCW 28A.600.040 and was, thereby, in the mandatory protective custody of defendant CVSD doing business as Bowdish Middle School. As a result, and also pursuant to various common law duties, defendant CVSD had an affirmative duty to make appropriate policies reasonably designed to prevent the sexual abuse, molestation and/or assault of its students by its employees, disseminate said policies, create a procedure for

reporting violations thereof, to anticipate dangers which may reasonably be anticipated, and to then take precautions to protect students, including Minor Child A, from known or potential dangers. Defendant CVSD's breach of these duties amounted to negligence.

27.    Likewise, defendant CVSD, independently and/or by and through its administrators or employees including, without limitation, co-defendants Dave Bouge, Lise Louer, Robert Johnson and Ben Small, breached duties owed to Minor Child A and committed negligence in the following ways, without limitation: 1) the negligent hiring and/or monitoring and/or retention of employee Anthony Cucinotti given the extraordinary number and severity of complaints and reports of inappropriate sexual behavior ongoing for many years involving female students; 2) the negligent investigation of the numerous complaints and/or reports of inappropriate sexual conduct or behavior referenced herein; 3) the failure to comply with certain laws and regulations of the State of Washington including, without limitation, RCW 28A.58.255 (now RCW 28A.230.080), 28A.04.132, 28A.58.101, 28A.58.1011, 28A.58.255, 28A.230.080, 28A.85.010, 28A.640.010, 28A.640.020, 26.44.030(1)(a)(c) and 26.44.040 as well as all rules and regulations promulgated pursuant to RCW 28A.41.170 and 28A.150.290; and 4) other acts of negligence as may be proven.

EYMANN ALLISON HUNTER JONES P.S.
2208 West Second Avenue
Spokane, WA 99201-5417
509-747-0101 / 509-458-5977 fax

## VIII. CAUSATION AND DAMAGES

28. Plaintiffs reallege each and every allegation as set forth in paragraphs 1 through 27 herein.

29. As a direct and proximate result of the aforementioned tortious conduct, violation of protected civil rights and violation of statutory and common law, Minor Child A was subjected to invasive and painful harm and has suffered, and will continue to suffer, severe and permanent psychological damages and other substantial special and general damages of a type that would be normally foreseeable including, without limitation, past and future counseling and/or medical expenses, severe emotional distress, depression, humiliation, anxiety, loss of enjoyment of life, feelings of guilt, and subjecting her to be at risk for self-abusive behavior, anti-social behavior, identity confusion, loss of self esteem and other serious emotional problems as well as difficulty with intimate relationships later in life, all in amounts to be proven at the time of trial. Minor Child A also has suffered damage to her education and educational potential, and destruction of or damage to her trust in men, schools, her community and society in general.

30. As a further direct and proximate result of the aforementioned tortuous conduct, violation of protected civil rights and violation of statutory and

common law by the defendants, and each of them, plaintiffs John and Jane Doe have suffered damage to their parent-child relationships with Minor Child A, in amounts to be proven at the time of trial.

## IX. JURY DEMAND

31. A jury trial is requested.

## X. PRAYER

WHEREFORE, plaintiffs seek the following relief:

1. Compensation for past, present and future counseling, medical and related health care expenses, all in amounts to be proven at trial;

2. Compensatory damages for past, present and future pain and suffering; past, present and future severe emotional distress, humiliation, anxiety, depression and loss of enjoyment of life; and other general and non-pecuniary damages, all in amounts to be proven at trial;

3. Damage to the parent-child relationships;

4. For prejudgment interest on liquidated damages;

5. For punitive damages, as allowable under federal law for violation of 20 U.S.C. §1681, *et seq.*, and any other federal law for which punitive damages are recoverable;

6. For reasonable attorneys' fees and costs of litigation, pursuant to 42 U.S.C. §1988 or other applicable law; and

7. For such other and further relief as the Court may deem just and equitable.

DATED this 7th day of March, 2013.

EYMANN ALLISON HUNTER JONES P.S.

BY  s/ Richard C. Eymann
    RICHARD C. EYMANN, WSBA #7470
    Attorneys for Plaintiffs